UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 13 |
| TAMESHA SHUNAYE HENDERSON, | ) | CASE NO. 17-11484-SDB |
|     DEBTOR. | ) | JUDGE: SUSAN D. BARRETT |
| | ) | |
| | ) | |
| TAMESHA SHUNAYE HENDERSON | ) | |
|     MOVANT, | ) | |
| V. | ) | |
| | ) | |
| FLAGSTAR BANK, FSB, | ) | |
|     RESPONDENT. | ) | |
| | ) | |

**RESPONSE IN OPPOSITION TO MOTION TO EXTEND STAY
PURSUANT TO 11 U.S.C. SECTION 362 (c) (3)**

COMES NOW FLAGSTAR BANK, FSB, a secured Creditor (Hereinafter, "Respondent") in the above-referenced Chapter 13 case, and hereby files its response in opposition to the Motion of TAMESHA SHUNAYE HENDERSON, (Hereinafter "Debtor") to Extend Stay Pursuant to 11 U.S.C Section 362 (c) (3). Respondent shows the Court as follows:

1.

On or about January 5, 2015, Debtor filed Bankruptcy Case No. 15-10018 in this Court. Respondent asserted a first priority secured interest in the real property known as 3721 HEADSTALL LANE, DEARING, GA 30808 (the "Property"). On or about January 28, 2016, Respondent filed a Motion for Relief from Automatic Co-Debtor Stay (Doc. No. 59). An Order Granting Respondent's Motion for Relief from Automatic Co-Debtor Stay was entered by this

Court on or about April 1, 2016 (Doc. No. 73). Subsequently, on or about May 25, 2017, Respondent filed a Motion for Relief from Automatic Stay (Doc. No. 89). A Consent Order Granting Respondent's Motion for Relief from Automatic Stay was entered by this Court on or about July 19, 2017 (Doc. No. 95).

2.

On or about August 22, 2017, Respondent then sent its required statutory Notices of Foreclosure Sale as to the Property, scheduled for October 3, 2017. Pursuant to the terms of the Consent Order Granting Respondent's Motion for Relief from Stay entered in Bankruptcy Case No. 15-10018 and the state laws and remedies provided by the security deed and note securing said Property, Respondent foreclosed on the Property on October 3, 2017 at 10:08 a.m. EST.

3.

On or about October 2, 2017, Debtor filed a unilateral Motion to Dismiss Bankruptcy Case No. 15-10018 (Doc. No. 97) and without an Order entered granting its pending Motion to Dismiss, Debtor filed this instant Bankruptcy case. On or about October 6, 2017, three days after the foreclosure sale on said Property, an Order granting Debtor's Motion to Dismiss Bankruptcy Case No. 15-10018 was entered by this court (Doc. No. 98).

4.

Out of an abundance of caution, Respondent plans to additionally file a Motion for Retroactive Relief from Automatic Stay ("Hereinafter "Motion") as to Debtor and Co-Debtor *nunc pro tunc* by October 31, 2017. Respondent's Motion will further seek validation of Respondent's October 3, 2017 foreclosure sale of the real property located at 3721 HEADSTALL LANE, DEARING, GA 30808.

5.

Respondent further asserts that the motion, and instant bankruptcy action, filed by Debtor is in bad faith pursuant to 11 U.S.C. § 362(c)(3)(C)(ii) as to Respondent. As admitted by Debtor in the pending motion, the prior bankruptcy case was voluntarily dismissed, and implicitly the instant bankruptcy case filed, due to the Debtor's inability to make regular mortgage payments and in light of the foreclosure proceedings. Respondent previously obtained relief from the automatic stay in Bankruptcy Case No. 15-10018 as to Debtor and Co-Debtor prior to dismissal.

6.

Pursuant to 11 U.S.C. § 362(c)(3)(C)(ii), and in light of the aforementioned facts, a bad faith presumption arises in light of Debtor's actions as to Respondent. Based on the facts admitted in Debtor's motion, Debtor has failed to rebut the bad faith presumption of his actions in filing the instant bankruptcy, and accordingly the automatic stay cannot extend as to Respondent. See also *In re Pruitt*, 2016 WL 6195927 at *4 (Bankr. S.D. Ga., 2016).

7.

Respondent respectfully request that the Automatic Stay pursuant to Rules 4001 and 9014 of the Bankruptcy Rules, 11 U.S.C. § 362(c)(3)(C)(ii), and 11 U.S.C. § § 362 (a)(d) and 1301 is not extended and/or imposed on Respondent. Respondent asserts that it will suffer irreparable harm if the aforementioned Automatic Stay is extended and/or imposed.

WHEREFORE, Respondent respectfully request that the Court consider this response in opposition and grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this this 25th day of October, 2017

3

*/S/ Matthew F. Totten*_____
Matthew F. Totten, Esq
Georgia Bar No. 798589
*Attorney for Respondent*
Weissman PC
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta , Georgia 30326
Tel.: 404-926-4500 / Fax: 404-926-4600
matthewt@weissman.law
bankruptcy@wncwlaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing RESPONSE IN OPPOSITION TO MOTION TO EXTEND STAY PURSUANT TO 11 U.S.C. (c) (3) , upon the opposing party in this matter electronically by CM/ECF and further by depositing a copy of same in the United States mail, with adequate postage thereon, addressed as follows:

TAMESHA SHUNAYE HENDERSON
3721 HEADSTALL LANE
DEARING, GA 30808

JOHN P. WILLS, ESQ.
POST OFFICE BOX 1620
THOMSON, GA 30824

HUON LE
P.O. BOX 2127
AUGUSTA, GA 30903

Dated: October 25, 2017

                                                    */S/ Matthew F. Totten*_____
                                                  Matthew F. Totten, Esq
                                                  Georgia Bar No. 798589
                                                  Weissman PC
                                                  One Alliance Center, 4th Floor
                                                  3500 Lenox Road
                                                  Atlanta , Georgia 30326
                                                  Tel.: 404-926-4500 / Fax: 404-926-4600
                                                  matthewt@weissman.law
                                                  bankruptcy@wncwlaw.com